IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

_____

| | | |
|---|---|---|
| JAN F.  BECKER, | ) | Cause No. CV 07-108-GF-SEH-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER AND FINDINGS AND |
| | ) | RECOMMENDATION OF UNITED |
| WARDEN HUDSON, et. al. | ) | STATES MAGISTRATE JUDGE |
| | ) | |
| Respondents. | ) | |
| | ) | |

_____

This matter is before the Court on what has been construed as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Document 1) and an Application to Proceed In Forma Pauperis.  (Document 2).

## A.  APPLICATION TO PROCEED IN FORMA PAUPERIS

Petitioner has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

**ACCORDINGLY, IT IS ORDERED** Petitioner's application to proceed in forma pauperis (Document 2) is **GRANTED.**

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE / PAGE 1

**B.  PARTIES**

Petitioner is an Ohio state prisoner proceeding pro se.  According to Petitioner he is incarcerated at the "Mansfield Correctional Institution Secret United Way Death Gulag #3." (Document 1, p.  1).

Petitioner has named 54 Respondents including Warden Hudson, the Warden at Mansfield Correctional Institution in Mansfield, Ohio where Petitioner is presumably incarcerated.

**C.  STANDARD FOR PRELIMINARY CONSIDERATION OF HABEAS PETITION**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading.  The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  *Id.*  "Summary dismissal is appropriate only where the allegations in the petition are 'vague [or] conclusory' or 'palpably incredible' or 'patently frivolous or false.'"  *Hendricks v. Vasquez,* 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison,* 431 U.S. 63, 75-76, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977)) (additional citations omitted).  If summary dismissal is not warranted, the judge must order the respondent to file an answer, motion, or other response or "to take other action the judge may order."  Rule 4 of the Rules Governing Section 2254 Cases.

**D.  BACKGROUND**

This matter originated with Petitioner being charged in Ohio state court with various types of sexual assault perpetrated against his three step daughters from 1988-1995. *State v.*

*Becker,* unpublished opinion, 2001 WL 1744472, *1 (Ohio App. 5th District 2001). Petitioner

was convicted by a jury on March 1, 2001 of gross sexual imposition, felonious sexual

penetration, and rape  (Document 1-2).[1]  "Guilty verdicts were issued as to eighteen of the thirty-

five counts by the jury.  Ten of the verdicts involved life imprisonment specifications.

[Petitioner] received ten life imprisonment sentences, three of which were to be served

consecutively with the remaining sentences to be served concurrently." *State v. Becker,*

unpublished opinion, 2001 WL 1744472, *1 (Ohio App. 5th District 2001).

On December 20, 2001, the Ohio Fifth District Court of Appeals affirmed petitioner's

convictions and sentence. *State v. Becker,* 2001 WL 1744472 (Ohio App. 5 Dist. Dec. 20, 2001).

On May 1, 2002, the Ohio Supreme Court denied petitioner's appeal. *State v. Becker,* 95 Ohio

St.3d 1436 (2002).  On July 28, 2003, petitioner filed a petition for a writ of habeas corpus in the

state trial court.  On November 24, 2003, the trial court denied the habeas corpus petition, and on

July 13, 2004, the state appellate court dismissed petitioner's subsequent appeal. *Becker v.*

*Bradshaw,* 2004 WL 1563395 (Ohio App. 5 Dist. July 13, 2004).  On December 15, 2004, the

Ohio Supreme Court dismissed petitioner's subsequent appeal. *Becker v. Bradshaw,* 104 Ohio St

.3d 1425 (2004).  On October 3, 2005, the United States Supreme Court denied petitioner's

petition for a writ of *certiorari. Becker v. Bradshaw,* 126 S.Ct. 111 (2005).

On March 19, 2004, Petitioner filed a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254 in the United States District Court for the Northern District of Ohio.  The district

---

[1]Petitioner indicates in his petition that he was convicted on February 2, 2001, however,
the Sixth Circuit Court of Appeals in the opinion attached to Mr.  Becker's habeas petition
indicates that he was convicted on March 1, 2001.  While the Court cannot explain this
discrepancy, it is irrelevant for this Court's purposes.

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE
JUDGE / PAGE 3

court dismissed the petition as untimely and declined to issue a certificate of appealability.  The

Sixth Circuit affirmed the district court's judgment on December 6, 2005.  (Document 1-2).

### E.  ANALYSIS

#### 1.  Jurisdiction

Petitioner is not confined in Montana and was not convicted or sentenced by any Montana

court.  He is confined in Ohio and serving a sentence imposed by the Ohio state courts.  This

Court therefore lacks jurisdiction over this habeas petition.  *See Rumsfeld v.  Padilla*, 542 U.S.

426, 443, 124 S.Ct.  2711, 159 L.Ed.2nd 513 (2004)("[F]or . . .  Habeas petitions challenging

present physical confinement, jurisdiction lies in only one district:  the district of confinement.").

#### 2.  Transfer

Transfer of this case to a court in Ohio is not appropriate as the petition is both successive

and untimely filed.  Petitioner has previously filed numerous unsuccessful petitions for a writ of

habeas corpus in Ohio federal courts seeking to set aside or vacate his February 2, 2001,

conviction and sentence.  See *Becker v. Hudson*, 2006 WL 3791952, *2 (S.D.Ohio 2006). *Becker

v. Hudson,* 2006 WL 3791952 was dismissed as a successive petition.  The Ohio federal court

explained that in 2004, the petitioner had previously filed a § 2254 petition in the United States

District Court for the Northern District of Ohio challenging his February 2, 2001, conviction, the

2004 habeas corpus petition (discussed above) was dismissed as untimely, and dismissal was

affirmed by the United States Court of Appeals for the Sixth Circuit. *Becker v. Hudson,* 2006 WL

3791952, *2.  Pursuant to the relevant Sixth Circuit procedures on successive habeas petitions,

the 2006 habeas petition was transferred to the United States Court of Appeals for the Sixth

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE
JUDGE / PAGE 4

Circuit as a successive petition.  The petitioner's application for permission to file a second or successive habeas petition under 28 U.S.C. § 2244 was dismissed by the Sixth Circuit Court of Appeals for want of prosecution. *Becker v. Hudson,* 2:06CV00830, Filing No. 9.  *See Becker v. Hudson,*  2007 WL 2893389 (D.Neb Oct.  3, 2007).

In addition, Petitioner has filed § 2254 petitions all over the country.  As summarized by a district judge in Texas, in an order entered February 13, 2007, "since October of 2006, this Petitioner has filed the same or similar habeas application attacking his conviction in federal courts in the states of not only Texas and Ohio, but also Florida, New Mexico, Tennessee, Illinois, California, Kentucky and Massachusetts." *Becker v. Hudson,* 6:07cv42WSS (W.D. Texas, Waco Division, doc. 5 in that file). *See also, e.g., Becker v. Hudson,* 2:06cv830-JLG-MRA (S.D. Ohio, Eastern Division, finding petition successive and transferring to the Sixth Circuit; the Sixth Circuit ultimately dismissed for lack of prosecution); *Becker v. Bradshaw,* 1:04cv601 (N.D. Ohio, finding petition untimely under § 2244(d)); *Becker v. Hudson,* 1:07cv10063-RWZ (D. Massachusetts, finding that jurisdiction did not extend to petition and Ohio Respondent, also finding it an unauthorized second or successive petition); *Becker v. Hudson,* 07-3045 (CD Illinois, Springfield Division, finding venue was improper and court lacked jurisdiction over custodian); *Becker v. Hudsin,* [sic, presumably Hudson), CIV-07-0115-WJ/KBM (D. New Mexico, district court transferred petition as a second or successive petition to the Tenth Circuit, the circuit court transferred back to the district court to either dismiss or transfer to Ohio, the district court took at "peek at the merits" and dismissed the petition for lack

of jurisdiction rather than transferring it).[2]

28 U.S.C. § 2244(b)(2) prohibits a claim made in a second or successive habeas corpus

application that was not presented in a prior application unless the applicant can show that the

claim relies on a new rule of constitutional law that was previously unavailable or that the factual

predicate for the claim could not have been discovered previously.  As has been found by

numerous other court cited herein, Mr. Becker's petition is a successive habeas petition under 28

U.S.C. § 2244(b)(2).

Additionally, Mr. Becker's petition has been untimely filed in this Court.  Under

AEDPA, a one-year statute of limitations applies to petitions filed under 28 U.S.C. § 2254.

Petitioner's conviction became final on October 3, 2005, when the United States Supreme Court

denied his petition for a writ of *certiorari*.  *See Becker v. Bradshaw,* 126 S.Ct. 111 (2005).

Accordingly, the federal statute of limitations ran on October 3, 2006, one year after his

conviction became final.  Therefore, Mr. Becker's federal habeas petition was filed in this Court

beyond the applicable one-year statute of limitations period.

Petitioner has repeatedly been found to be in violation of 28 U.S.C. § 2244(b)(2) and his

habeas petition is untimely.  Therefore, transfer is not appropriate and the petition should be

---

[2]A more recent decision found that, "PACER records indicate that since October of 2006, this Petitioner has filed the same or similar habeas application attacking his conviction in the federal courts in Texas, Ohio, Florida, New Mexico, Tennessee, Illinois, California, Wyoming, Tennessee, Wisconsin, Washington, Arizona, South Carolina, Kansas, Iowa, Connecticut, the District of Columbia, Delaware, West Virginia, Kentucky, Massachusetts, Missouri, Virginia, New York, Georgia, North Carolina, Maryland, Pennsylvania, and Nebraska." *Becker v. Hudson*, 2007 WL 2893389 (D.Neb.  October 3, 2007).

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE / PAGE 6

summarily dismissed.[3]

## F.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), as amended by the AEDPA, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  *See Hohn v. United States*, 524 U.S. 236, 240 (1998); *Lambright v. Stewart*, 220 F.3d 1022, 1024 (9th Cir. 2000).  The "substantial showing" standard can be satisfied on an issue-by-issue basis.  *Lambright*, 220 F.3d at 1024 (citing 28 U.S.C. § 2253(c)(3)).

The United States Supreme Court has defined the standard of issuance for a COA as follows:

> To obtain a COA under §§ 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

*Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

"The court must resolve doubts about the propriety of a COA in the petitioner's favor."

---

[3]To the extent that Petitioner is seeking to bring any other claims outside a petition for writ of habeas corpus challenging his conviction or sentence, his pleadings are blatantly frivolous.  As a recent decision from the United States District Court in the Eastern District of Wisconsin stated in deciphering a similar filing by Mr. Becker, "the action filed by Becker stands as a textbook example of a frivolous complaint.  'Sometimes ... a suit is dismissed because the facts alleged in the complaint are so nutty ('delusional' is the polite word) that they're unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity.'" *Becker v. Hudson*, 2007 WL 2903249 (E.D.Wis. October 4, 2007)(citing *Gladney v. Pendleton,* 302 F.3d 773, 774 (7th Cir. 2002)).

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE / PAGE 7

*Jennings v. Woodford*, 290 F.3d 1006 (9th Cir. 2002) (citing *Lambright*, 220 F.3d at 1025).  In addition, a petitioner is not required to establish that he will prevail on the merits.  *Lambright, 220 F.3d at 1025* (citing *Barefoot*, 463 U.S. at 893 n.4).  Rather, the COA requirement seeks only to prevent frivolous appeals from wasting judicial resources, while still affording petitioners an opportunity to show potential for merit.  *Lambright, 220 F.3d at 1025*.

Petitioner's habeas petition filed in this Court is frivolous, it is untimely, it is successive, its dismissal would not be debatable among jurists of reason and other courts would not and have not resolve these issues in a different manner.  Accordingly, any request for a certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## ORDER

Petitioner's Application to Proceed in forma pauperis (Document 2) is **GRANTED.**   The Clerk of Court shall waive payment of the filing fee.

Further the Court enters the following:

## RECOMMENDATION

The petition for writ of habeas corpus should be **DISMISSED** and a Certificate of Appealability should be **DENIED**.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date that this Findings and Recommendation is entered as indicated on the Notice of Electronic Filing.  A district judge will

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE / PAGE 8

make a de novo determination of those portions of the Findings and Recommendations to which

objection is made.  The district judge may accept, reject, or modify, in whole or in part, the

Findings and Recommendations.  Failure to timely file written objections may bar a de novo

determination by the district judge.

**PETITIONER IS CAUTIONED THAT HE MUST KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS AND A FAILURE TO DO SO COULD RESULT IN A RECOMMENDATION OF DISMISSAL OF THIS CAUSE OF ACTION.**

DATED this 16th day of November, 2007.


/s/ Keith Strong
Keith Strong
United States Magistrate Judge


ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE / PAGE 9